STATE EX REL. PERRY, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 9,029.)

(Submitted June 24, 1940. Decided July 8, 1940.)

[104 Pac. (2d) 1.]

*Mr. E. E. Multz,* for Relator.

*Mr. John W. Mahan,* for Respondents.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an original proceeding for a writ of supervisory control to annul an order of the respondent court. The facts, briefly stated, are these:

The Montana Consolidated Mines Corporation has been engaged in mining in Broadwater and Lewis and Clark counties. It became, and now is, heavily indebted. On April 17, 1940, the Minmont Company brought an action against it to foreclose a real estate mortgage and asked that a receiver be appointed to preserve the property during the pendency of the foreclosure suit. Such receiver was appointed. On April 24th the receiver

rendered an account and petitioned the court for authority to make certain expenditures from moneys to be advanced by the mortgagee. These expenditures included the payment of certain liens attaching by operation of law. In addition to these and the necessary expenditures for the preservation of the property, authority was asked to spend not to exceed $3,000 per month for the purpose of exploration and development work in and on the mining properties in both counties. The court granted the request of the receiver in its entirety and made an order to the effect that the amount of the expenditures thus made be added to the face of the mortgage, and in effect gave it priority over the claims of general creditors. Relator complains of this order so far as it applies to exploration and development work.

The relator is a general unsecured creditor and represents himself to be one of several having claims in the aggregate of about $110,000. He argues that the court has no authority to authorize the receiver to borrow money to spend for the purpose of carrying on the mining business by exploration or development and to allow the mortgagee who advances the money to add it to the face of the mortgage, and that the authority of the receiver in these respects should be limited to whatever is necessary to preserve the property.

Section 9306, Revised Codes, gives the following authority to the receiver and the court: "The receiver has, under the control of the court, power to bring and defend actions in his own name, as receiver, to take and keep possession of the property, to receive rents, collect debts, to compound for and compromise the same, to make transfers, and generally to do such acts respecting the property as the court may authorize."

As will be noted, the statute authorizes the receiver to "do such acts respecting the property as the court may authorize." This language gives the court broad discretion, and we cannot say that there was an abuse of discretion in authorizing borrowing for the purpose complained of here. Such authority seems to be well recognized. (1 Clark on Receivers, 2d ed., sec. 463; Tardy's Smith on Receivers, 2d ed., II, sec.

553; 53 C. J. 190, sec. 267; 23 R. C. L., sec. 96; *Decker Bros.* v. *Berners Bay Min. & M. Co.*, 2 Alaska, 504.)

However, authorization for the borrowing by the receiver of a private, as distinguished from a public or quasi public, corporation, for the purpose of continuing the business is not without restrictions or limitations. The indebtedness created by the order of the court for the further development of the property cannot be given preference over the claims of secured creditors. (53 C. J. 190; 23 R. C. L. 96; and see cases annotated in 40 A. L. R. 244.)

As against unsecured creditors such an indebtedness when so directed by the court has priority. The unsecured creditor is in the same situation as he would be were a second mortgage to be issued by a debtor. The second mortgagee has priority over existing unsecured creditors. Certainly the mortgagor here could borrow money for development purposes and execute a second mortgage therefor and thus place the second mortgagee ahead of unsecured creditors. When the receiver acts under court order he is acting for the corporation mortgagor, and may do that which the mortgagor might have done. We do not pass on the question whether the unsecured creditor, if he became a lien creditor by attachment or otherwise, would have priority over those advancements contemplated but not made at the time the lien attached. (See 41 C. J. 525, and 19 R. C. L. 429.) That question is not now before us.

We see no reason why the money advanced may not be secured as contemplated in the order, provided, however, the priorities of secured creditors are not disturbed.

The writ applied for is denied and the proceedings dismissed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ERICKSON and ARNOLD concur.